IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLYN CHARPENTIER,

    Petitioner,      No. CIV S-04-2616 GEB KJM P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS,

    Respondents.     ORDER AND

    _____/     <u>FINDINGS & RECOMMENDATIONS</u>

    Petitioner, a state prisoner proceeding pro se, has filed an action on this court's form for a civil rights action under 42 U.S.C. § 1983 together with a request to proceed in forma pauperis under 28 U.S.C. § 1915. This declaration makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

    Petitioner asks the court to order his discharge from parole because he has been denied the appropriate credits during one sentence imposed following a parole violation, deprived of due process during a second parole violation hearing, and subjected to an illegal extension of his parole term. He also makes a subsidiary request for compensation for his illegal imprisonment.

    An attack on the fact or duration of a prisoner's confinement is one that must be

1

raised in a petition for a writ of habeas corpus, not a civil rights action. Williams v. Wisconsin, 336 F.3d 576, 579 (7th Cir. 2003). Although petitioner asks for damages for his illegal confinement, the only way to establish the illegality of that confinement is through a petition for a writ of habeas corpus. Accordingly, the court will treat the case as though it was originally filed under 28 U.S.C. § 2254.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

Upon review of the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. Petitioner notes that a habeas petition is pending in the San Joaquin County Superior Court; this means the claims have not yet been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[1]

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. The action is deemed to be a petition for a writ of habeas corpus; and

3. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California.

/////

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1    IT IS HEREBY RECOMMENDED that petitioner's application for a writ of
2 habeas corpus be dismissed for failure to exhaust state remedies.
3    These findings and recommendations will be submitted to the United States
4 District Judge assigned to this case, under the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5 days after being served with these findings and recommendations, petitioner may file written
6 objections with the court.  The document should be captioned "Objections to Findings and
7 Recommendations."  Petitioner is advised that failure to file objections within the specified
8 time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
9 (9th Cir. 1991).
10 DATED:  May 17, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2
char2616.157